UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIEL G. DELATTE**                                                                 **CIVIL ACTION**

**VERSUS**                                                                         **NO. 06-5878**

**UNION STANDARD INSURANCE CO.**                          **SECTION "K" (2)**

## ORDER

Before the Court is the Motion for Partial Summary Judgment (Rec.Doc.No. 8) filed by Plaintiff Daniel G. Delatte, wherein he contends that there is no genuine issue of material fact as to the bad faith of Defendant Union Standard Insurance Company ("Union Standard") in failing to pay Mr. Delatte insurance proceeds after he was involved in a motor vehicle accident with the insured, Bowen Communications Construction ("Bowen").

In general, La. R.S. § 22:1220 charges an insurer with the duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with [an] insured or [a] claimant." LA. REV. STAT. ANN. § 22:1220 (A). The statute further provides that penalties will be assessed on the insurer when it fails "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." LA. REV. STAT. ANN. § 22:1220 (B)(5).

Plaintiff asserts that it has been more than sixty days since he filed his claim with the insurer, and therefore, the Union Standard is in violation of the § 22:1220. Union Standard argues that it is challenging liability and that satisfactory proof of loss has not been submitted.

The Court notes that no scheduling conference has been issued in this proceeding and

discovery has not commenced. Union Standard asserts that "initial investigation into this matter has revealed that Plaintiff may be substantially, if not solely, at fault for the accident in question." *See* Opp. Mot. Summ. J, at p. 6 (Rec.Doc.No. 10). Being that Union Standard challenges its liability to Plaintiff under the policy,[1] this raises a question of fact as to whether its failure to pay is arbitrary or capricious. Thus, summary judgment is inappropriate at this time. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Rec.Doc.No. 8) be **DENIED**.

New Orleans, Louisiana, on this  16th  day of April, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] *See Stegall v. State Farm Mut. Auto Ins. Co.*, N. 29, 986, at p. 9 (La. App. 2. Cir. 10/29/97); 702 So.2d 66, 71 (challenge to amount owed warranted denial of recovery under § 22:1220).